UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**DELSHAWN L. MORRIS, SR.**                                                                  **PLAINTIFF**

**v.**                                                             **CIVIL ACTION NO. 3:25-CV-P444-JHM**

**A. THOMAS et al.**                                                                       **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff Delshawn L. Morris, Sr., a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action.  The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the following reasons, the Court will allow Plaintiff's individual-capacity Eighth Amendment claim to continue and dismiss other claims.

### I. STATEMENT OF CLAIMS

Plaintiff, a convicted inmate who was housed at the Louisville Metro Department of Corrections (LMDC) at the pertinent time, sues Correctional Officer A. Thomas in his individual and official capacity, as well as the LMDC.  He states that at 4:30 a.m. on June 29, 2025, he moved a bag of trash that Defendant Thomas had deliberately placed touching the "boat" on the floor in which Plaintiff slept.  Plaintiff states that after he moved the trash away from his bed, Defendant Thomas again placed the trash back against his bed.  When Plaintiff again moved it, Defendant Thomas "ask[ed] me to step out pointing his taser at me, and all I said was that I didn't want the trash up against my bed, so he then tased me for no apparent reason."  Plaintiff alleges that the tasing caused him to fall, hitting his head against the "window seal" causing a contusion on his "lefted eye cheak."  Plaintiff states that he believes that no other officer would have tased him

"over trash being put on my bed or besides my bed." According to Plaintiff, he made no "advances" towards Defendant Thomas "as if I was going to harm him at all."

Plaintiff alleges that his Eighth Amendment right to be free from excessive force was violated and that he should be provided a "clean, safe and healthy environment."[1] He further states that he is "having chest pains and body aches. I also urinated on myself when he tazed me."

Plaintiff requests compensatory and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

---

[1] The Court does not consider Plaintiff's reference to a clean environment to be a separate claim related to prison conditions because Plaintiff makes no specific allegations concerning the conditions at LMDC.

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Claim against the LMDC and official-capacity claim

The LMDC is not an entity subject to suit under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Rather, the claim against it is actually against the Louisville Metro Government as the real party in interest. *Id.* ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). In addition, "[o]fficial-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claim against Defendant Thomas is actually against the Louisville Metro Government.

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government

body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not the allege the existence of a Louisville Metro Government custom or policy, and none is apparent from a review of the complaint. Accordingly, the Court will dismiss the claim against the LMDC and the official-capacity claim against Defendant Thomas.

### B. Individual-capacity Eighth Amendment claim against Defendant Thomas

The Eighth Amendment's ban on cruel and unusual punishments prohibits the "unnecessary and wanton infliction of pain'" on prisoners. *See Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The Sixth Circuit recently set forth the Eighth Amendment excessive-force standard as follows:

> What qualifies as the "unnecessary and wanton infliction of pain"? This requirement has objective and subjective components, both of which follow from the Eighth Amendment's text. *See Phillips v. Tangilag*, 14 F.4th 524, 535 (6th Cir. 2021); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). Objectively, harm to a prisoner must rise to a sufficiently serious level because the Eighth Amendment prohibits only "cruel and unusual" deprivations, not just uncomfortable or "even harsh" ones. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see Phillips*, 14 F.4th at 534. Subjectively, harm to a prisoner must result from a prison official's sufficiently volitional actions because the Eighth Amendment bars only willful conduct that "inflict[s]" "punishment," not accidental conduct that causes injury. *See Phillips*, 14 F.4th at 535 (citing *Wilson v. Seiter*, 501 U.S. 294, 300 (1991)).

*Johnson v. Sootsman*, 79 F.4th 608, 615 (6th Cir. 2023).

Here, according to the complaint, when ordered by Defendant Thomas to step out, Plaintiff explained, in a nonthreatening way, that he did not want trash near his bed, at which point Defendant Thomas deliberately tased him. Reading the complaint liberally, it is not clear that the tasing was "reasonably necessary." *Brown v. Perez*, No. 16-2558, 2017 WL 3378994, at *2 (6th Cir. Apr. 17, 2017) ("We have found that the use of a chemical agent does not constitute malicious or sadistic punishment in violation of the Eighth Amendment if its use is reasonably necessary to

4

subdue a noncompliant prisoner."); *see also Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (quoting *Hudson*, 503 U.S. at 7) (courts distinguish between force used in a "good-faith effort to maintain or restore discipline" and force used "maliciously and sadistically to cause harm."). And Plaintiff suffered an injury of hitting his head and urinating on himself due to the tasing and experiencing chest pains and body aches over a week later when he signed his complaint. *See Hudson*, 503 U.S. at 9 ("[P]risoners who challenge a correctional officer's use of force need not prove 'extreme' or 'serious' harms (the types of harms that prisoners must allege to challenge their conditions of confinement or medical care)."). Reading the complaint liberally as the Court must, the Court will allow Plaintiff's Eighth Amendment excessive-force claim to continue against Defendant Thomas. In doing so, the Court expresses no opinion on the ultimate merit of Plaintiff's claim.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claim against the LMDC and his official-capacity claim against Defendant Thomas are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Court will enter a separate Service and Scheduling Order.

Date: December 11, 2025

*Joseph H. McKinley Jr.*
Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009